Plaintiff, a certified public accountant, brought this suit to recover the sum of $166.34 alleged to be due for professional services rendered to the defendant. The amount, as itemized in plaintiff's petition, is made up of three separate charges in the sum of $37.50 each, covering services rendered for the fourth quarter of 1943, and the first and second quarters of 1944, a charge of $50 for services rendered for the third quarter of 1944, and an item of $3.84 for supplies purchased and furnished for the benefit of defendant.
Defendant admits an indebtedness of $37.50 which he represents as being due for services performed by plaintiff covering the first quarter of 1944, but otherwise specifically denies any other obligation.
Plaintiff caused to be issued a subpoena duces tecum calling for the production of defendant's books and records as particularly described in the motion for said writ. Defendant answered, denying possession of any books or records of account, as described in the writ, with the exception of three form reports.
After trial there was judgment in the City Court of the City of Shreveport in favor of plaintiff as prayed for, from which judgment defendant has appealed.
The issues tendered in this case are solely involved with questions of fact. On trial plaintiff testified as to the correctness of his claims, which were denied by defendant.
The facts adduced upon trial are clear to the extent of establishing the employment of plaintiff's services by the defendant, some time in the fall of the year 1943, in setting up books for a cleaning business that had been purchased by the defendant. In connection with this purpose plaintiff was also required to check receipts, prepare payroll reports, post the books, etc. A bill for $218.69 covering plaintiff's charge of $200 for his services as rendered in this connection, and an amount of $18.69 for supplies furnished, was rendered to defendant on November 30, 1943, and payment in full of this amount was made by defendant early in December, 1943, and duly credited.
Plaintiff claims that all of the services for which payment is sought in this suit were rendered after January 1, 1944. Defendant contends that his payment in December, 1943, not only covered services rendered up to that time but also services which then remained to be performed by plaintiff in making up reports for the last quarter of 1943. In other words, defendant urges that the sum of $37.50, claimed by plaintiff to be due for work performed in preparing the quarterly payroll report for 1943, but which work was not actually done until January of 1944, was included in the sum paid in December, 1943. Defendant tendered in open court the sum of $37.50, together with interest and costs, which he admitted was due for services rendered by plaintiff in preparing the first quarterly payroll report for 1944.
[1] Defendant, having pleaded payment, necessarily assumed the burden of establishing such payment, which burden he has failed to discharge, and it follows that he must be held to this extent. This conclusion, of course, justifies plaintiff's right to the recovery of the sums represented by *Page 442 
the first two items of his account, one of which is admittedly due by defendant, and the payment for the other having failed to be established by defendant.
This leaves for our consideration the charges of $37.50 for the third quarter of 1944, of $50 for the fourth quarter, and the small item for supplies furnished.
There is, of course, a sharp conflict of testimony as between plaintiff and defendant, but, in our opinion, we think the surrounding circumstances and facts in connection with the matter support the judgment appealed from. It was shown that practically all of defendant's books and accounts had been lost and could not be produced in answer to the writ of subpoena duces tecum. To our minds the fact that plaintiff had requested the production of these evidences by which he hoped to substantiate his claims is in itself a persuasive circumstance in his favor. Unquestionably, the production of these books would have permitted the introduction of additional evidence as to the true facts.
[2, 3] As has been frequently observed, manifest error in the resolution of facts in connection with a suit must be present in order to justify an appellate court in reversing the finding of a trial judge thereupon. We observe no manifest error in these proceedings, and, on the contrary, we find that plaintiff's claims have been established by a preponderance of the evidence.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.